IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RICHARD SCHRADER,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **FILE NO.** |
| **MONTGOMERY COUNTY** | ) | |
| | ) | |
| *Defendant.* | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF RICHARD SCHRADER, hereinafter "Schrader" brings this suit against and complains of Montgomery County, Defendant, as follows:

### A.  PARTIES

1. Plaintiff Richard Schrader is an individual, who is a citizen of the State of Texas.

2. Defendant Montgomery County, is a political subdivision of the State of Texas. Montgomery County can be served with process through the County Judge Allan B. Sadler, at 501 N. Thompson, Suite 401, Conroe, Texas  77301 or wherever he may be found.

### B.  JURISDICTION AND VENUE

3. This action arises under the laws of the United States, specifically (1) Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Acts of 1991; (2) 42 U.S.C. § 2000e-5(f)(1) and (3); Reconstruction Civil Rights Acts amended by the Civil Rights Acts of 1991; and (5) 42 U.S.C.§ 1981A.  Accordingly, this Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1331.

## C.   EXHAUSTION OF ADMINISTRATIVE PROCEDURES

4. Plaintiff Schrader timely filed with the Equal Employment Opportunity Commission, hereinafter "EEOC", a charge of race and retaliation against Montgomery County specifically Montgomery County Department of Corrections. Plaintiff received a notice of right to sue from the EEOC within ninety (90) days of filing this complaint.

## D.   STATEMENT OF FACTS

5. Plaintiff Richard Schrader is a Caucasian, Jewish male who has been employed with Defendant Montgomery County since August 27, 2007 as a Resident Care Specialist.

6. Mr. Schrader's supervisor/Shift Leader was an African American female, Sabrina Knowley.

7. Defendant is a part of the Texas Department of Criminal Justice Assistant Division that houses non-violent probationers with substance abuse issues also known as "residents".

8. However, soon after his hire, Mr. Schrader began being bombarded with racial comments from Mr. Victor Krakue, an African American male. Faced with no other alternative, Mr. Schrader complained to his Shift Supervisor, Ms. Knowley. Unfortunately, Mr. Schrader quickly learned that Ms. Knowley was not going to stop Mr. Krakue's racially derogatory statements to Mr. Schrader when Ms. Knowley allowed Mr. Krakue to berate Mr. Schrader in front of her.

9. During this time, Mr. Schrader served as an interim Shift Leader when Ms. Knowley had days off. But Mr. Schrader had to carry out the position through hands on learning as the Shift Leader; Ms. Sabrina Knowley refused to train him in retaliation for his complaint. As a result, Mr. Schrader made note of Ms. Knowley's failure to train him to Facility Director Tamra McGuffey, a Caucasian female. Mr. Schrader also informed Ms. McGuffy of how some of the

African American staff members treated him because of his race as well as how Mr. Victor Krakue, an African American male not only made racist comments about him but, harassed the residents regarding their race or religion.

10. In August 2008, Mr. Schrader applied for the position of Community Supervision Assistant. Mr. Schrader was denied this promotion. Further, he received a negative one year evaluation in part due to Ms. Knowley's false statement accusing Mr. Schrader of making malicious accusations against his co-worker.

11. Mr. Schrader responded with a complaint about how Ms. Knowley openly trained African American employees in front of him, although he requested training from her to complete his duties as interim Shift Leader. He also complained about being retaliated against by Ms. Knowley and Mr. Krakue's use of derogatory names towards him.

12. Moreover, not only did Mr. Schrader complain to Ms. McGuffey, but he complained to Larry Daigle (deceased), the Safety Security Supervisor, Derwin Youngblood, the Operations Manager, and finally he filed a Grievance Report on January 28, 2009.

13. As noted in his grievance report, including his complaint of discrimination, and among other racial derogatory names, Mr. Schrader was referred to as "whitey", "white trash", "skinhead" and "cracker". When he complained, he realized that nothing was being done; therefore, Mr. Schrader audio recorded some of the African American staff employees threatening him and calling him horrible names such as "bitch", "motherf*cker" or "punka**".

14. Only after receiving the recordings reflecting how terrible Mr. Schrader was treated, Defendant terminated Ms. Sabrina Knowley and Mr. Victor Krakue, but other African American employees that remained in their positions, continued to discriminate against Mr. Schrader with horrible racially derogatory names. He continued to be discriminated against. Even after Ms.

Knowley, the Shift Leader was terminated for her part in discriminating against Mr. Schrader, he was not allowed to take on her position, a position he had performed for months. Instead Defendant informed Mr. Schrader that they would not open the position.

15. Realizing that the discrimination would not end, Mr. Schrader filed a charge of discrimination with the Equal Employment Opportunity Commission on March 18, 2009. Thereafter, on May 3, 2010, the EEOC made a final determination of discrimination against Defendant.

16. Subsequently, the EEOC gave Mr. Schrader his Right to Sue Letter, to which he files this Original Complaint. Mr. Schrader continues to perform the majority of the duties of a Shift Leader without the title or pay increase. As such, the Defendant continues to retaliate against him.

### E.   CAUSES OF ACTION

### Count No. 1-Race Discrimination

### and Retaliation Under Title VII of the Civil Rights Act

17. Plaintiff Richard Schrader repeats and re-alleges paragraphs 1 through 16 with the same force and effect as though fully set forth herein.

18. Defendant's actions demonstrate that it has engaged in race discrimination and retaliatory practices with malice or with reckless indifference to Plaintiff's protected rights and is in violation of Title VII of the Civil Rights Act of 1954, as amended by the Civil Rights Act of 1991, paragraph 703(a) justifying an award, *inter alia*, of compensatory and punitive damages against Defendant. Subsequent to Plaintiff's complaints of race discrimination, he began to suffer from retaliation. Further Defendant has continued to discriminate against Plaintiff based upon his race.

19.     In addition, Plaintiff avers that Defendant's unlawful race discrimination and retaliatory actions on account of him reporting and opposing the ongoing discrimination violates the provisions and is in violation of Title VII of the Civil Rights Act of 1954, as amended by the Civil Rights Act of 1991, paragraph 703(a) justifying an award, *inter alia*, of compensatory and punitive damages against Defendant.

20.     Such discrimination and retaliation has caused Plaintiff to suffer damages of severe emotional distress and lower wages including lower raises, retirement benefits, loss of promotion, and other benefits associated as Plaintiff has been subjected to adverse employment actions as a result of the retaliation.  Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and reported discriminatory behavior and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

21.     Plaintiff has been denied opportunities to which he was entitled and such benefits and privileges that he would have received if he had not been intentionally discriminated and retaliated against by Defendant.  Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  These irreparable injuries and monetary damages are the result of Defendant's retaliatory practices and they will continue unless and until this Court grants relief.

### Count No. 2-Racial Discrimination under Reconstruction Civil Rights Acts

22.     Plaintiff Richard Schrader repeats and re-alleges paragraphs 1 through 21 with the same force and effect as though fully set forth herein.

23.     Defendant's retaliation and intentional racial discrimination, and pattern and practice of this are in violation of the Reconstruction Civil Rights Acts, 42 U.S.C. § 1981 and Title VII. Such discrimination and retaliation has caused Plaintiff to suffer the damages of severe emotional distress, lower wages and retirement benefits, and lower raises and other benefits associated with a promotion to a higher position.

24.     Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff and other racial minorities to "have the same right…to make and enforce contracts… as is enjoyed by other citizens" and to the intent of the statute to protect victims from unequal treatment.  Such malicious or reckless indifference warrants an award, *inter alia*, of compensatory and punitive damages, as are authorized by law for 42 U.S.C. § 1981 and Title VII violations.

## Count No. 3- Failure to Promote

25.     Plaintiff repeats and re-alleges paragraphs 1 through 24 with the same force and effect as though fully set forth herein.

26.     Defendant's actions also demonstrate that it has failed to promote Plaintiff Richard Schrader based upon his race which is protected by statute. Plaintiff Schrader was qualified for the positions of Shift Leader and Community Supervision Assistant as he had either performed the duties or possessed the skills for the positions, but was denied them.  In lieu, Defendant promoted an employee outside the protected class.

### F.  DEMAND FOR A JURY

27.     Plaintiff demands a jury trial.

**G.  DAMAGES**

28. Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court.  These include his past and future loss of higher wages, raises, and or bonuses. Plaintiff also seeks an award of damages for his mental anguish and the loss he has suffered, continues to suffer.

29. Further, because the Defendant's acts and omissions were committed with malice and/or with reckless disregard of the consequences, they justify the imposition of exemplary damages in addition to the compensatory damages to which Plaintiff in entitled.  A reasonable amount for exemplary damages in this case should take into consideration the need to deter future conduct of this type.

30. Plaintiff also seeks compensation for the out-of-pocket expenses, attorney's fees, and costs of Court she will have incurred in this action.

31. Plaintiff believes that a jury should put a dollar value on these damages after it hears the evidence.

**H.  PRAYER**

32. For these reasons, Plaintiff Richard Schrader prays that Defendant Montgomery County be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

   a) An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

   b) Loss of earnings sustained by Plaintiff from date of discrimination and retaliation to date of trial;

c)   Loss of earning and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

d)   Mental anguish, embarrassment, inconvenience, pain and suffering sustained by Plaintiff from the date he was discriminated against to the end of trial;

e)   Mental anguish, embarrassment, inconvenience, pain and suffering reasonably anticipated to be suffered by Plaintiff in the future;

f)   Actual damages suffered by Plaintiff, past and future;

g)   Past and future medical expenses;

h)   Punitive and exemplary damages; and

i)   Pre-judgment interest at the highest rate allowed by law;

j)   Post-judgment interest at the highest rate allowed by law;

k)   A judgment against the Defendant for compensatory damages; and

l)   Such other relief, legal or equitable, as may be warranted.

Respectfully submitted:

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
　　Melissa Moore
　　State Bar No. 24013189
　　Fed. Id. No. 25122
　　Rochelle Owens
　　State Bar No. 24048704
　　Fed. Id. No. 590507
　　Lyric Centre
　　440 Louisiana, Suite 675
　　Houston, Texas  77002
　　Telephone: 713.222.6775
　　Facsimile: 713.222.6739